# CV 14 - 00257

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

GERALD ROBERTS, STEPHEN JOHNSON,
CHRISTOPHER MCLEOD and DAVID SHAW, *on behalf of*
*themselves and all others similarly situated,*

Case No.:

                              Plaintiffs,

**CLASS ACTION**
**COMPLAINT**

                    -against-

**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

GENTING NEW YORK LLC, d/b/a RESORTS WORLD
CASINO NEW YORK CITY,

TOWNES, J.

                         Defendants.

SCANLON, M.J.

------------------------------------------------------------------X

        Plaintiffs, GERALD ROBERTS, STEPHEN JOHNSON, CHRISTOPHER MCLEOD AND DAVID SHAW, by and through their attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, upon information and belief, complain as follows:

## INTRODUCTION

    1.    Plaintiffs, individually and on behalf of all other similarly situated current and former employees working in the Aqueduct Buffet, bring this action against Defendant pursuant to the Worker Adjustment Retraining and Notification Act ("WARN Act"), 29 U.S.C. §§ 2101-2109 and the New York Labor Law ("NYLL"), § 860 *et. seq.* ("NY WARN Act"), for failure to provide notice as required under the act and seek to recover damages associated with the failure to provide the notice required under the WARN Act and NY WARN Act.

## JURISDICTION AND VENUE

    2.    The Court has jurisdiction pursuant to 29 U.S.C. § 2104(a)(5) as well as pursuant to 28 U.S.C. § 1331 and § 1343.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant resides within the Eastern District of New York in that it regularly conducts business within this judicial district.

**PARTIES**

4.      At all times material, Plaintiff GERALD ROBERTS resides in Queens County, New York.

5.      At all times material, Plaintiff STEPHEN JOHNSON resides in Queens County, New York.

6.      At all times material, Plaintiff CHRISTOPHER MCLEOD resides in Kings County, New York.

7.      At all times material, Plaintiff DAVID SHAW resides in Queens, County, New York.

8.      Plaintiffs, both individually and on behalf of all other similarly situated persons, are also collectively referred to as "Plaintiffs."

9.      Upon information and belief, Plaintiffs were subject to termination and layoff when the Aqueduct Buffet was permanently and/or temporarily shutdown, without employees of the Aqueduct Buffet being provided with proper notice under the WARN Act and NY WARN Act.

10.      At all times relevant hereto, Defendant GENTING NEW YORK LLC ("GENTING"), is a Foreign Limited Liability Company, duly authorized and existing by virtue of the laws of the State of Delaware, with its principal place of business within New York located at 11000 Rockaway Boulevard, Jamaica, New York 11420. At all times relevant hereto, Defendant

-2-

GENTING did business as RESORT WORLD CASINO NEW YORK CITY ("RESORT WORLD").

11.     That at all times relevant hereto, Plaintiffs were full-time employees of Defendant GENTING.

12.     At all times relevant hereto, Defendant GENTING operated RESORT WORLD while employing more than one hundred (100) employees full-time and/or part-time. Further, within RESORT WORLD, Defendant GENTING operated the Aqueduct Buffet, a facility and/or operating unit within RESORT WORLD which employed more than one hundred (100) employees full-time or part-time.

## THE RULE 23 CLASS

13.     Plaintiffs bring this action on behalf of themselves and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

14.     The class of eligible Plaintiffs consists of all persons who worked for Defendant during the previous twelve (12) months and who were terminated and/or laid off on or about January 6, 2014 as part of the Aqueduct Buffet closing.

15.     As the members of the Rule 23 Class are numerous and of an unknown number, joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are in excess of one hundred (100) members of the Rule 23 class.

16.     Plaintiffs' claims are typical of the claims of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual plaintiffs lack the

financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Further, 29 U.S.C. § 2104(a)(5) and NYLL § 860-g(7) specifically permits these claims to be brought on behalf of persons "similarly situated."

17.     Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

18.     Plaintiffs are committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

19.     Plaintiffs have the same interests in this matter as all other members of the Rule 23 Class and Plaintiffs' claims are typical of the Rule 23 Class.

20.     There are common questions of law and fact affecting all members of the Rule 23 Class which predominate over any questions only affecting the individual members of the Rule 23 Class, including but not limited to:

a.  Whether Defendant terminated each of the individuals without providing the proper notice under the WARN Act and NY WARN Act;

b.  How much notice was afforded to each individual as was required under the WARN Act and NY WARN Act;

c.  What benefits were provided to individuals who were terminated and/or laid off in violation of the WARN Act and NY WARN Act;

d.  Whether there were sufficient number of employees for the WARN Act and NY WARN Act to apply;

e.  Whether the Aqueduct Buffet constituted a site of employment, facility or operating unit within the definition provided by 29 U.S.C. § 2101(a)(2).

21.     This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2), since the unlawful actions of Defendant, as alleged herein, has been taken on grounds equally applicable to all members of the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

22.     Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Rule 23 Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 Class, which would establish incompatible standards of conduct for Defendant who oppose the Rule 23 Class.

23.     Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedure that violated the WARN Act.

## MATERIAL FACTS RELEVANT TO CLASS ACTION

24.     Plaintiff Roberts began working for Defendant Genting in or around December of 2011 as a line cook making $11.70 per hour and working approximately fifty-two (52) hours per week. In or around June of 2012, Plaintiff Roberts received a raise to approximately $11.90 per hour and was working approximately forty (40) hours per week. In or around October of 2013 Plaintiff Roberts received a raise to approximately $22.99 per hour and was working approximately thirty five (35) hours per week.

25.     Plaintiff Johnson began working for Defendant Genting in or around October of 2010 as a line cook making $11.70 per hour and working approximately fifty-two (52) hours per week. In or around June of 2012, Plaintiff Johnson received a raise to approximately $11.90 per hour and was working approximately forty (40) hours per week. In or around October of 2013

Plaintiff Johnson received a raise to approximately $22.99 per hour and was working approximately thirty-five (35) hours per week.

26.    Plaintiff McLeod began working for Defendant Genting within the Aqueduct Buffet in or around July of 2012 as a steward making $9.70 per hour and working approximately thirty (30) hours per week. In or around October of 2012, Plaintiff McLeod transferred to the position of cook and was given a raise to $11.90 per hour and was working approximately thirty-five (35) hours per week. In or around October of 2013 Plaintiff McLeod received a raise to approximately $22.99 per hour and was working approximately thirty-five (35) hours per week.

27.    Plaintiff Shaw began working for Defendant Genting in or around November of 2011 as a cook making $11.70 per hour and working approximately sixty (60) hours per week. In or around June of 2012, Plaintiff Shaw received a raise to approximately $11.90 per hour and was working approximately thirty-five (35) hours per week. In or around October of 2013 Plaintiff Shaw received a raise to approximately $22.99 per hour and was working approximately thirty-five (35) hours per week.

28.    Plaintiffs observed that there were more than one hundred (100) employees working at the Aqueduct Buffet throughout the time that they were employed by Defendants.

29.    On January 6, 2014, Defendant Genting sent a notice labeled "NOTICE OF LAYOFF" which stated that the Aqueduct Buffet would close on January 6, 2014.

30.    The letter also stated that the layoff and each Plaintiffs' separation from Defendant Genting was effective January 6, 2014.

31.    Further, Defendant Genting required Plaintiffs and all similarly situated individuals to attend a meeting on January 8, 2014, two (2) days after their termination and/or

layoff to receive information regarding "further information and initial payments relating to this layoff."

32.     This letter was addressed "To Whom this May Concern" and upon information and belief was sent to every employee of the Aqueduct Buffet.

33.     Upon information and belief, every employee of the Aqueduct Buffet was terminated on that same day.

34.     Plaintiffs and all employees of Defendant Genting in the Aqueduct Buffet were not provided the sixty (60) days notice required under the WARN Act and have lost the payments required to be paid therein.

35.     Plaintiffs and all employees of Defendant Genting in the Aqueduct Buffet were not provided the ninety (90) days notice required under the NY WARN Act and have lost the payments required to be paid therein.

36.     Plaintiffs and all employees of Defendant Genting in the Aqueduct Buffet have as a result lost health benefits and other benefits as defined under 29 U.S.C. § 1002(3) and NYLL § 860-g(1)(b).

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE WARN ACT

37.     Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

38.     Defendant violated the WARN Act by failing to provide a sixty (60) day notice to employees prior to closing a site of employment, or one or more facilities or operating units within a single site of employment which resulted in fifty (50) or more employees losing employment.

39.    Plaintiffs and all similarly situated individuals working in the Aqueduct Buffet were damaged by Defendant Genting's violation of the law.

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE NY WARN ACT

40.    Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

41.    Defendant violated the NY WARN Act by failing to provide a ninety (90) day notice to employees prior to closing a site of employment, or one or more facilities or operating units within a single site of employment which resulted in twenty five (25) or more employees losing employment.

42.    Plaintiffs and all similarly situated individuals working in the Aqueduct Buffet were damaged by Defendant Genting's violation of the law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request a judgment against the Defendant:

A. Issue and Order certifying this action as a class action under the WARN Act and designate the above Plaintiffs as representativea on behalf of all those similarly situated;

B. Declaring that Defendant engaged in unlawful employment practices prohibited by the Worker Adjustment Retraining and Notification Act, 29 U.S.C. §§ 2101-2109 and the New York Labor Law, § 860 *et. seq.*;

C. Ordering Defendant to produce names of eligible class members and approve the required notices for mailing;

D. Declaring that Defendants' violations the WARN Act and NY WARN Act were willful and ordering payment of the penalty required by 29 U.S.C. § 2104(a)(3) and the NYLL § 860-h;

-8-

E.  Granting judgment to Plaintiffs for their claims for unpaid wages as secured by the WARN Act and the NY WARN Act, and awarding Plaintiffs costs, expenses, and reasonable attorneys' fees;

F.  Awarding damages for the loss of benefits to which the Plaintiffs are entitled to for the duration of the notice period;

G.  Awarding Plaintiffs punitive damages;

H.  Awarding Plaintiffs attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

I.  Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted, this the 13th day of January, 2014.

Jesse C. Rose
Edward J. Kennedy
Phillips & Associates
Attorneys at Law, PLLC
45 Broadway, Suite 620
New York, NY 10006
Phone: 212-248-7431
Fax: 917-831-4595
Email: JRose@TPGlaws.com
Email: EKennedy@TPGlaws.com

ATTORNEYS FOR PLAINTIFFS