

KANE KESSLER, P.C.
600 THIRD AVENUE
NEW YORK, NEW YORK 10016
TEL 212.541.6222
FAX 212.245.3009
WWW.KANEKESSLER.COM

WRITER'S DIRECT NUMBER
212-519-5113

WRITER'S EMAIL
jsabin@kanekessler.com

July 31, 2024

*Via ECF*

The Honorable Kiyo A. Matsumoto
United States District Judge, Eastern District of New York
225 Cadman Plaza East, Room S905
Brooklyn, New York 11201

      **Re:**    ***Roberts et al v. Genting New York, LLC*, No. 14-cv-257 (KAM) (VMS)**

Dear Judge Matsumoto:

We represent the defendant Genting New York, LLC ("Defendant") in the above-referenced matter and write pursuant to the Court's Order, dated July 17, 2024 (ECF No. 85) to request a pre-motion conference for Defendant's anticipated motion to strike Plaintiffs' jury demand.

As correctly noted by the Second Circuit in its Decision and Order, dated May 15, 2023 (ECF No. 80) "the majority view is that there is no . . . right [to a jury trial]" under the WARN Act because the claims are "equitable rather than legal in nature." *Roberts v. Genting N.Y. LLC*, 68 F. 4th 81, 92 n.11 (2d Cir. 2023) (citing *Bledsoe v. Emery Worldwide Airlines*, 635 F.3d 836, 840-45 (6th Cir. 2011); *Fleming v. Bayou Steel BD Holdings II LLC*, 580 F. Supp.3d 349 (E.D. La. 2022); and *Morris v. Moon Ridge Foods*, No. 18-cv-03219, 2019 WL 7593902 (W.D. Mo. Aug. 14, 2019)). Since the Second Circuit's decision in this case, the Fifth Circuit joined the "majority" in *Fleming v. Bayou Steel BD Holdings II LLC*, 83 F.4th 278 (5th Cir. 2023) (affirming, in relevant part, *Fleming*, 580 F. Supp.3d 349). The "majority view" is well-reasoned, consistent with long standing Second Circuit law, and supports the striking of Plaintiffs' jury demand.

The Seventh Amendment provides a right to a jury trial for "suits at common law." U.S. CONST. amend VII. "[T]he phrase 'suits at common law' refers to suits in which legal rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized and equitable remedies are administered." *Pereira v. Farace*, 413 F.3d 330, 337 (2d Cir. 2005) (citations omitted). In determining "whether a particular action is a suit at law," federal courts perform a two-step analysis. *Id*. First, they "ask whether the action would have been deemed legal or equitable in 18th Century England." *Id*. (citation omitted). Second, the Court must "examine the remedy sought and determine whether it is legal or equitable in



July 31, 2024
Page 2

nature." *Id*. (citation and internal quotation omitted). The Court then "balances the two, giving greater weight to the latter." *Id*. (citations omitted) *Accord Bledsoe*, 635 F.3d 836; *Flemming*, 83 F.4th 278.

In both *Bledsoe* and *Fleming*, the Fifth and Sixth Circuits each affirmed district court decisions granting defendants' motions to strike the plaintiffs' jury demands related to their WARN Act claims. The Fifth and Sixth Circuits held that the WARN Act claims were equitable, rather than legal, under the aforementioned two-step analysis, because (1) claims brought under the WARN Act are analogous to claims for breach of fiduciary duty, which were considered equitable in 18th Century England; and (2) the WARN Act's remedy entailed restitution, an equitable remedy, which was subject to judicial discretion.

As explained by the district court in *Fleming*, which quoted *Bledsoe* and adopted its reasoning, an employer has:

> the fiduciary duty . . . to safeguard the welfare of its employees by giving them at least 60 days' notice of any impending mass layoff or plant closing, or, in the absence thereof, remuneration for the number of working days for which it should have given advance notice, but did not.

580 F. Supp.3d at 353 (citing and quoting *Bledsoe*, 258 F. Supp.2d at 793). The Fifth Circuit affirmed that reasoning and rejected the plaintiffs' argument that a WARN action was more analogous to a claim of quasi-contract (which is legal in nature). The Fifth Circuit wrote, "[W]e are persuaded that the fiduciary duty analogy espoused in *Bledsoe* is more apt. Viewing the WARN action through historical analogues then, it appears to be equitable and not legal in nature." *Fleming*, 83 F.4th at 291.

Regarding the second prong of the inquiry, *Bledsoe* and *Fleming* held that the remedy under the WARN Act was equitable in nature because "the entire damage award" was placed "within the court's discretion" and the damages themselves were "restitutionary in nature" – i.e. "tailored to restoring the pay and benefits that the employer should have provided to its aggrieved employees during or in lieu of a 60-day notice period." *Bledsoe*, 635 F.3d at 842-43; *see also Fleming*, 83 F.4th at 292-93 (same).

District Courts in the Fourth, Ninth, and Eleventh Circuits have adopted the *Bledsoe-Fleming* rule and reasoning in holding that there is no right to a jury trial under the WARN Act. *Kane v. PaCap Aviation Fin., LLC*, No. 19-00574, 2023 WL 5499994, at *7 (D. Haw. Aug. 25, 2023) ("this Court will follow the overwhelming weight of caselaw that characterizes the WARN Act and its remedial provisions as restitutionary and thus equitable in nature."); *Plerluca v. Quality Res., Inc.*, No. 8:16-CV-1580, 2017 WL 1409825 (M.D. Fla. Apr. 20, 2017) ("After careful consideration, the Court agrees with the Sixth Circuit" that "there is no right to a jury trial because the WARN Act's remedies are equitable in nature.") (citing and quoting *Bledsoe*, 635 F.3d 836); *Creech v. VA Fuel Corp.*, 61 F. Supp.3d 592 (W.D. Va. 2014) (granting motion to



July 31, 2024
Page 3

strike jury demand because "there is no right to a jury trial under the WARN Act") (adopting the reasoning set forth in *Bledsoe*, 635 F.3d 836).

At least one court within this Circuit, the Bankruptcy Court for the Southern District of New York, has followed *Bledsoe* and held that WARN Act claims are equitable in nature. In the case of *In re Dewey & LeBoeuf*, 487 B.R. 169, 176 (S.D.N.Y. Bankr. 2013) ("*Dewey*"), the plaintiff asserted WARN Act claims in an adversary proceeding against Dewey & LeBoeuf. Dewey & LeBoeuf moved to dismiss on the grounds that, *inter alia*, the claims did not seek equitable relief and, as such, could not be brought as an adversary proceeding under Fed. R. Bankr. Proc. 7001. In denying Dewey & LeBoeuf's motion, the Bankruptcy Court explained:

> Case law supports the Plaintiff's argument that WARN Act claims seek equitable relief. Successful WARN Act plaintiffs recover back pay as equitable restitutionary relief as opposed to damages – WARN Act plaintiffs are not seeking compensation for the damages flowing from their discharge, but a reimbursement of those salaries and benefits, calculated on a per diem basis, which were due to them on the date they were laid off. . . . As the Sixth Circuit stated in *Bledsoe*, "the WARN Act places the entire amount of the liability in the district court's discretion. This reinforces our view that the WARN Act remedies at issue are equitable in nature."

*Id*. at 176-77 (citing, *inter alia*, *Bledsoe*, 635 F.3d 836); *see also In re Connaught Grp., Ltd.*, 491 B.R. 88, 94 n.5 (S.D.N.Y. Bankr. 2013) (citing *Dewey* for the proposition that WARN Act claims are equitable).

Although the court in *Dewey* had no occasion to decide whether a WARN plaintiff is entitled to a jury trial, it is well-settled law in this Circuit that there is no right to a jury trial for equitable claims, including claims for breach of fiduciary duty. *Pereira*, 413 F.4th at 338 ("as a general rule breach of fiduciary duty claims were historically within the jurisdiction of the equity courts") (citation omitted); *McMahon v. Eke-Nweke*, 503 F. Supp.2d 598 (E.D.N.Y. 2007) (striking jury demand with respect to cause of action for breach of fiduciary duty).

For these reasons, Plaintiffs have no right to a jury trial under the WARN Act. Defendant proposes the following briefing schedule for its motion to strike:

Defendant's opening brief:    September 13, 2024
Plaintiffs' Opposition:       October 14, 2024
Defendant's Reply:            October 28, 2024

Respectfully submitted,

*/s/ Jonathan M. Sabin*

Jonathan M. Sabin