

KANE KESSLER, P.C.
600 THIRD AVENUE
NEW YORK, NEW YORK 10016
TEL 212.541.6222
FAX 212.245.3009
WWW.KANEKESSLER.COM

WRITER'S DIRECT NUMBER
212-519-5113

WRITER'S EMAIL
dsusman@kanekessler.com

August 7, 2024

*Via ECF*

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room S905
Brooklyn, New York 11201

    Re:    *Roberts et al. v. Genting New York, LLC*, No. 14-cv-257 (KAM) (VMS)

Dear Judge Matsumoto:

    We represent defendant Genting New York, LLC ("Defendant") in the above matter and respond to Plaintiffs' letter (Dkt. No. 86) requesting a pre-motion conference on their proposed class certification motion. Class certification is inappropriate because this case presents questions of law and fact that are not common or typical to the proposed class.[1]

    A party seeking class certification under Fed. R. Civ. P. 23(a) "must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." and that the representative's claims and defenses are typical of the class and that the representative will fairly and adequately protect the interests of the class. *Wal-Mart Stores, Inc. v. Dukes*, 564 US 338, 350 (2011) (emphasis in original). "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id*. (citation and quotation omitted). Plaintiffs cannot meet this standard.

**I.    Commonality**

    To obtain class certification, the movant must demonstrate "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The existence of a "common contention is not sufficient." *Callari v. Blackman Plumbing Supply, Inc*., 307 F.R.D. 67, 75 (E.D.N.Y. 2015) Rather, "that common contention . . . must be of such a nature that it is capable of classwide

---

[1] As for numerosity, Plaintiffs have joined 63 individuals and thus do not have to join 177 individuals as they claim. (Pl. Letter at 1)



August 7, 2024
Page 2

resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. (citation and quotation omitted).

Plaintiffs argue that the proposed class satisfies the commonality requirement because "the entire class which lost their jobs as a result of the closing were entitled to notice and suffered a nearly identical injury." (Pl. Letter at 2)

However, the commonality requirement is not met with respect to putative class members who received "Enhanced Severance" beyond what they were entitled to under the Collective Bargaining Agreement, in exchange for a release of claims against Defendant. The issue of waiver is "ill-suited to class treatment, since the state of mind of each individual [releasee] would presumably need to be explored." *Presser v. Key Food Stores Coop., Inc.*, 218 F.R.D. 53, 59 (E.D.N.Y. 2003) ( proposed class members who had allegedly released their WARN Act claims could not be joined in a class with employees that did not also release their claims).[2]

Plaintiffs also ignore the fact that the proposed class includes vastly different job classifications including bussers, cashiers, food servers, hosts, cooks, stewards and warehousemen, many of whom worked in areas of Defendant's casino other than the Aqueduct Buffet. Those employees were laid off by seniority to achieve cost savings for Defendant after an arbitration award increased dramatically the hourly rate for all union employees at the casino. Thus, there are issues of fact as to whether those employees should be included in the proposed class, including, among other things, analysis of the Collective Bargaining Agreement, individual job classifications, work schedules, and length of employment. Moreover, even if the court rules that the Aqueduct Buffet was an "operating unit," the separate question remains of whether employees who worked outside of the Aqueduct Buffet were "affected employees" entitled to WARN notice.[3]

Therefore, the question of whether the putative class should include employees who worked exclusively and/or partially outside of the Aqueduct Buffet is not common to the class as whole.

---

[2] In denying Defendant's motion for summary judgment (ECF No. 85), the Court merely held that there were questions of fact as to whether certain named Plaintiffs waived their rights to assert the claims herein.

[3] An "affected employee" an employee "who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing . . . ." 29 USC § 2101(a)(5). "The class of employees to whom notice is due is defined by the '*causal connection* between the plant closing and the laid-off employees[.]'" *Karroll v. Car Toys, Inc.,* 2024 WL 988100, at *5 (D.S.C. Mar. 7, 2024) (emphasis in original) (cleaned up) (dismissing a WARN complaint by plaintiffs who worked at sales kiosks of a wireless phone carrier who failed to plausibly show their terminations resulted from the closing of company's headquarters, rather than the winding down of the entire company). Accordingly, an individualized inquiry is required to determine whether any particular employee, depending on his or her job duties and place on the seniority list, was "reasonably expected to suffer an employment loss as a consequence of" the Aqueduct Buffet closing.



August 7, 2024
Page 3

## II.     Typicality

The "claims or defenses of the representative parties are typical of the claims or defenses of the class" (Fed. R. P. 23(a)(3)) "when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Callari*, 307 F.R.D. at 78 (citation and quotation omitted).

Here, as noted, the unique defense of waiver applies to a subset of the proposed class and, therefore, the typicality requirement is not established. *See Baffa v. Donaldson, Lufkin & Jenerette Secs. Corp.*, 222 F.3d 52 (2d Cir. 2000) (typicality is lacking "where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation."). Moreover, the claims of the class representatives present different and unique issues including whether some of them waived their claims and whether some of them constitute "affected employees" entitled to WARN notice in the first instance.

## III.    Adequacy of Representation

To obtain class certification, plaintiffs must establish that "they will be able to adequately represent the proposed putative class as the class representatives." *Pagan v. Abbott Labs., Inc.*, 287 F.R.D. 139, 150 (E.D.N.Y. 2012). "[W]hile it is settled that the mere existence of individualized factual questions with respect to the class representative's claim will not bar class certification, class certification is inappropriate" in this case because the Plaintiffs are "subject to unique defenses which threaten to become the focus of the litigation." *Id.* (citation and quotation omitted). Here, the class representatives are inadequate because this "action involves a host of legal and factual issues unique to [Plaintiffs] . . . that are likely to distract from their representation of the class." *Id*. *See Presser,* 218 F.R.D. at 58-59.

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' request to move for class certification.

Respectfully submitted,

*/s/ Dana M. Susman*

Dana M. Susman