



KANE KESSLER, P.C.
600 THIRD AVENUE
NEW YORK, NEW YORK 10016
TEL 212.541.6222
FAX 212.245.3009
WWW.KANEKESSLER.COM

WRITER'S DIRECT NUMBER
212-519-5113

WRITER'S EMAIL
jsabin@kanekessler.com

October 7, 2024

***Via ECF***

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room S905
Brooklyn, New York 11201

**Re: *Roberts et al. v. Genting New York, LLC*, No. 14-cv-257 (KAM) (VMS)**

Dear Judge Matsumoto:

Counsel for the parties in the above-referenced matter write jointly regarding the issues set forth in the Court's Minute Entry, dated September 12, 2024.

**Class Certification**

*Defendant:* Defendant consents to certification of the proposed class for settlement purposes only, while reserving the right to oppose class certification should the parties be unable to reach a settlement. Defendant believes that any motion for class certification should await the conclusion of the parties' settlement efforts, which may obviate the need for such motion. In the event the Court allows Plaintiffs to move for class certification before the conclusion of settlement discussions, Defendant proposes the following schedule: Plaintiffs' brief within three weeks of the Court's Order; Defendant's opposition due four weeks thereafter; and Plaintiffs' reply due one week thereafter.

*Plaintiffs:* Plaintiffs believe that this conditional "consent to certification" is insufficient to move the case forward and is intended to continue to cause delay. While Plaintiffs agree to mediate on the presumption of class certification, we believe the negotiation will be hampered by Defendant's refusal to consent to certification. As such, Plaintiffs request leave to file their motion for class certification with an expedited briefing schedule. Plaintiffs propose that the moving brief be due within three (3) weeks of the Court's Order, with opposition due two (2) weeks thereafter and reply due (1) week thereafter.





**Plaintiffs' Jury Demand under NY WARN Act**

Plaintiffs agree to withdraw their jury demand under the NY WARN Act.

**Punitive Damages**

*Defendant:* Defendant maintains that punitive damages are not available under either the Federal or New York WARN Acts as a matter of law and, additionally, that there are no factual circumstances present here that would support or justify such damages.

*Plaintiffs:* While Plaintiffs maintain that the law clearly provides that punitive damages are available to Plaintiffs if they can prove that the Defendant's conduct was "outrageous… malicious, wanton, reckless, or in willful disregard for another's rights", they have agreed to waive the right to pursue punitive damages in light of the Court's urging to do so and to quicken the resolution of this matter. Roberts v. Genting N.Y. LLC, 2024 U.S. Dist. LEXIS 126195, *19-20 (EDNY 2024) (quoting DiBella v. Hopkins, 403 F.3d 102, 122 (2d Cir. 2005); citing Lovebright Diamond Co. v. Spragins, 574 F. Supp. 76, 80 (S.D.N.Y. 1983)).

**Magistrate Judge Scanlon**

The parties do not consent to Magistrate Judge Scanlon's jurisdiction for all remaining proceedings.

**Settlement**

The parties agree to engage in good faith settlement discussions and will advise the Court of their mutual availability for a settlement conference within seven days of the filing of this letter pursuant to the Court's Order, dated September 13, 2024.

Respectfully submitted,

**PHILLIPS & ASSOCIATES PLLC**
Jesse Rose
Of Counsel
45 Broadway, Suite 430
New York, NY 10006
212-248-7431
jrose@theroselawgroup.com

*/s/ Jesse C. Rose*

*Attorneys for Plaintiffs*

**KANE KESSLER PC**
Dana M. Susman
Jonathan M. Sabin
600 Third Avenue
New York, NY 10016
212-541-6222
dsusman@kanekessler.com
jsabin@kanekessler.com

*/s/ Jonathan M. Sabin*

*Attorneys for Defendant*