**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
                                                                      :
GERALD ROBERTS, STEPHEN JOHNSON,                                       :
CHRISTOPHER MCLEOD and DAVID SHAW,                                     :
*on behalf of themselves and all others similarly*                    :
*situated*,                                                            :
                                                                      :
                                        Plaintiffs,                    :
                                                                      :
                  -against-                                            :
                                                                      :
GENTING NEW YORK LLC, d/b/a RESORTS WORLD                              :
CASINO NEW YORK CITY,                                                  :
                                                                      :
                                        Defendant.                     :
                                                                      :
-----------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF PLAINTIFFS'
PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT
<u>PROCEDURE</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ........................................................... 1

    A.    The Litigation ............................................................................................... 1

    B.    Settlement Negotiations ............................................................................... 2

SUMMARY OF THE SETTLEMENT TERMS ................................................................... 2

    A.    Settlement Fund ........................................................................................... 2

    B.    Releases ....................................................................................................... 2

    C.    Allocation Formula ..................................................................................... 3

    D.    Attorneys' Fees and Costs, Incentive Awards and Cy Pres Award ............. 3

    E.    Settlement Claims Administrator ................................................................ 3

CLASS ACTION SETTLEMENT PROCEDURE ................................................................ 4

ARGUMENT ....................................................................................................................... 4

I.      PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE ................... 4

    A.    The Settlement is Fair, Reasonable, and Adequate ..................................... 6

        1.    Grinnell Factor 1: Litigation Through Trial Would be Complex, Costly and Long ....................................................................................... 7

        2.    Grinnell Factor 2: The Reaction of the Class Has Been Positive ........ 7

        3.    Grinnell Factor 3: Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly ...................................... 7

        4.    Grinnell Factors 4 and 5: Plaintiffs Would Face Real Risks if the Case Proceeded ....................................................................................... 8

        5.    Grinnell Factor 6: Maintaining the Class Through Trial Would Not Be Simple. 8

6.      Grinnell Factor 7: Defendant's Ability to Withstand a Greater Judgment .......... 9

7.      Grinnell Factors 8 and 9: The Settlement Amount is Substantial in Light of the Best Possible Recovery and the Attendant Risks of Litigation ........................... 9

B.      Conditional Certification of the Rule 23 Class is Appropriate .................................. 10

1.      Numerosity ....................................................................................................... 11

2.      Commonality ..................................................................................................... 11

3.      Typicality .......................................................................................................... 12

4.      Adequacy of Class Representatives .................................................................. 13

C.      Certification is Proper Under Rule 23(b)(3) ............................................................. 13

1.      Common Questions Predominate ..................................................................... 13

2.      A Class Action is a Superior Mechanism ......................................................... 14

II.      PLAINTIFFS' COUNSEL SHOULD BE APPOINTED CLASS COUNSEL .................. 15

III.     THE PROPOSED NOTICE AND CLAIM FORM IS APPROPRIATE ........................... 16

CONCLUSION .......................................................................................................................... 17

## TABLE OF AUTHORITIES

Page(s)

Cases

*Amchem Prods., Inc. v. Windsor,*
  521 U.S. 591 (1997) ........................................................................................ 10, 13, 14

*Beckman v. KeyBank, N.A.,*
  293 F.R.D. 467 (S.D.N.Y. 2013) ................................................................................. 7, 9

*City of Detroit v. Grinnell Corp.,*
  495 F.2d 448 (2d Cir. 1974) ........................................................................................... 6

*Clark v. Ecolab, Inc.,*
  2009 WL 6615729 (S.D.N.Y. Nov. 17, 2009) ............................................................ 4, 5

*Consol. Rail Corp. v. Town of Hyde Park,*
  47 F.3d 473 (2d Cir. 1995) ........................................................................................... 11

*Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.,*
  502 F.3d 91 (2d Cir. 2007) ........................................................................................... 13

*County of Suffolk v. Long Island Lighting Co.,*
  710 F. Supp. 1422 (E.D.N.Y. 1989) ............................................................................. 10

*D'Amato v. Deutsche Bank,*
  236 F.3d 78 (2d Cir. 2001) ............................................................................................. 6

*Deutsche Bank AG,*
  443 F.3d 253 (2d Cir. 2006) ......................................................................................... 13

*Dorn v. Eddington Sec., Inc.,*
  2011 WL 382200 (S.D.N.Y. Jan. 20, 2011) ................................................................. 10

*Frank v. Eastman Kodak Co.,*
  228 F.R.D. 174 (W.D.N.Y. 2005) ...................................................................... 5, 9, 12, 14

*Gen. Tel. Co. of Sw. v. Falcon,*
  457 U.S. 147 (1982) ...................................................................................................... 11

*Grant v. Warner Music Grp. Corp.,*
  2015 WL 10846300 (S.D.N.Y. Aug. 21, 2015) ............................................................ 10

*Green v. Wolf Corp.,*
  406 F.2d 291 (2d Cir. 1968) ......................................................................................... 14

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1988) ........................................................................................ 5

*Hernandez v. Merrill Lynch & Co.,*
  2012 WL 5862749 (S.D.N.Y. Nov. 15, 2012) .............................................................. 14

*In re Austrian & German Bank Holocaust Litig.,*
  80 F. Supp. 2d 164 (S.D.N.Y. 2000) ............................................................................ 7, 9

*In re BankAmerica Corp. Sec. Litig.,*
  210 F.R.D. 694 (E.D. Mo. 2002) .................................................................................... 5

*In re EVCI Career Colls. Holding Corp. Sec. Litig.,*
  2007 WL 2230177 (S.D.N.Y. July 27, 2007) ................................................................. 6

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.,*
  55 F.3d 768 (3rd Cir. 1995) .......................................................................................... 10

*In re Ira Haupt & Co.,*
   304 F. Supp. 917 (S.D.N.Y.1969) ................................................................................... 8

*In re Michael Milken & Assocs. Sec. Litig.,*
   150 F.R.D. 57 (S.D.N.Y. 1993) ..................................................................................... 17

*In re Painewebber Ltd. P 'ships Litig.,*
   171 F.R.D. 104 (S.D.N.Y. 1997) ................................................................................... 8

*In re Traffic Exec. Ass'n,*
   627 F.2d 631 (2d Cir. 1980) .......................................................................................... 5

*In re Visa Check/Master Money Antitrust Litig,*
   280 F.3d 124 (2d Cir. 2001) ......................................................................................... 14

*Kamean v. Local 363, Int'l Bhd. of Teamsters,*
   109 F.R.D. 391 (S.D.N.Y. 1986) ................................................................................. 12

*Krueger v. N.Y. Tel. Co.,*
   163 F.R.D. 433 (S.D.N.Y. 1995) ................................................................................. 13

*Maley v. Del Global Techs. Corp.,*
   186 F. Supp. 2d 358 (S.D.N.Y. 2002) ........................................................................... 7

*Marisol A. v. Giuliani,*
   126 F.3d 372 (2d Cir. 1997) .................................................................................... 11, 12

*Marriott v. Cnty. of Montgomery,*
   227 F.R.D. 159 (N.D.N.Y. 2005) ................................................................................. 14

*Maywalt v. Parker & Parsley Petroleum Co.,*
   67 F.3d 1072 (2d Cir. 1995) .......................................................................................... 5

*McBean v. City of New York,*
   228 F.R.D. 487 (S.D.N.Y. 2005) ................................................................................. 14

*Newman v. Stein,*
   464 F.2d 689 (2d Cir. 1972) .......................................................................................... 9

*Noble v. 93 Univ. Place Corp.,*
   224 F.R.D. 330 (S.D.N.Y. 2004) ................................................................................. 14

*Port Auth. Police Benevolent Ass 'n v. Port Auth. of N. Y. & N.J.,*
   698 F.2d 150 (2d Cir. 1983) ......................................................................................... 11

*Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.,*
   237 F.R.D. 26 (E.D.N.Y. 2006) ................................................................................... 11

*Robidoux v. Celani,*
   987 F.2d 931 (2d Cir. 1993) ......................................................................................... 12

*Sharif ex rel. Salahuddin v. New York State Educ. Dep't,*
   127 F.R.D. 84 (S.D.N.Y. 1989) ................................................................................... 11

*Torres v. Gristede's Corp.,*
   2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006) ............................................................. 14

*Toure v. Cent. Parking Sys.,*
   2007 WL 2872455 (S.D.N.Y. Sep. 28, 2007) ............................................................. 13

*Trinidad v. Breakaway Courier Sys., Inc.,*
   2007 WL 103073 (S.D.N.Y. Jan. 12, 2007) ................................................................. 12

*Velez v. Majik Cleaning Serv., Inc.,*
   2007 WL 7232783 (S.D.N.Y. June 25, 2007) ............................................................... 8

*Wagner v. NutraSweet Co.,*
   95 F.3d 527 (7th Cir. 1996).................................................................................................. 12

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,*
   396 F.3d 96 (2d Cir. 2005)............................................................................................... 4, 5

Statutes

29 U.S.C. Sec. 2101 ................................................................................................................... 1

Rules

Fed R. Civ. P. 23 .......................................................................................................... *passim*

## PRELIMINARY STATEMENT

Subject to Court approval, Plaintiffs and Defendant Genting New York LLC d/b/a Resorts World Casino, New York City ("Resorts World" or "Defendant") (together with Plaintiffs, referred to as the "Parties") have agreed to settle this action in the gross amount of $1,124,217.46 to cover global resolution of the settlement class's (the "Class") claims. The proposed Settlement satisfies all of the criteria for preliminary approval. Plaintiffs respectfully submit this Memorandum of Law in support of their request that the Court (i) grant preliminary approval of the settlement as reflected in the Settlement Agreement and Release ("Settlement Agreement"), (ii) conditionally certify the proposed class for settlement purposes pursuant to Fed R. Civ. P. 23; (iii) approve the proposed Notice of Class Action Settlement; (iv) appoint the law firm of Phillips & Associates, Attorneys at Law, PLLC as Class Counsel; (v) set a date and time for a fairness hearing; and (vi) grant such other relief that the Court deems just and proper. Defendants do not oppose this motion.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Litigation

Plaintiffs filed this action against Resorts World on January 14, 2014 for violation of the Federal and New York Worker Adjustment and Retraining Notification Act, 29 U.S.C. Sec. 2101 *et seq.* and N.Y. C.L.S. Labor Sec. 860-a *et seq.* (collectively, the "WARN Act") alleging that the "Aqueduct Buffet" at Resorts World casino constituted an "operating unit" for which notice under the WARN Act was required when it was closed. (Dkt. 1) On March 17, 2014, Plaintiffs amended their complaint to add additional plaintiffs. (Dkt. 5) Defendants answered Plaintiff's amended complaint on August 29, 2014. (Dkt. 14)

On February 16, 2016, the Parties simultaneously filed for summary judgment on all claims. (Dkt. 53-71) On March 12, 2021, Judge I. Leo Glasser issued a Memorandum and Order

denying Plaintiffs' motion for summary judgment; granting Defendant's motion for summary judgment; and dismissing Plaintiffs' amended complaint. (Dkt. 76) On March 15, 2021, a corresponding judgment was issued by the Clerk of the Court. (Dkt. 77) On March 29, 2021, Plaintiffs filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (Dkt. 78) On May 15, 2023, the Second Circuit affirmed this Court's denial of Plaintiffs' summary judgment motion and vacated the judgment to the extent it granted Defendant's motion and remanded the case to this Court for further proceedings. (Dkt. 80)

### B.    Settlement Negotiations

On December 3, 2024, the Parties attended a settlement conference before this Court and informed Judge Scanlon that they were working towards a settlement in principle. Following this conference, the Parties engaged in further discussions and reached a substantial agreement on all material terms. These have now been memorialized in the Settlement Agreement for which the Parties seek approval upon this motion. The Settlement Agreement, and the exhibits thereto, are annexed as Exhibit 1 to the accompanying Affirmation of Jesse C. Rose, dated February 21, 2025 ("Rose. Aff.").

## SUMMARY OF THE SETTLEMENT TERMS

### A.    Settlement Fund

Defendant has agreed to create a total settlement amount (the "Settlement Fund") of $1,124,217.46 to be distributed to the Class Members in accordance with Section 5 of the Settlement Agreement.

### B.    Releases

Upon the Effective Date, the Class Representatives and all members of the Class who have submitted a Claim Form and have not timely elected to opt-out of the Agreement (the "Releasing

Parties"), shall release their claims against the Releasees in accordance with Section 14 of the Settlement Agreement.

### C.    Allocation Formula

Claimants shall be paid the amounts set forth in Schedule 1 to the Settlement Agreement, which is based on the damages calculation provided by Plaintiffs' expert. Each Plaintiff shall receive their proportional share of the Settlement Fund, except that the four (4) lead Plaintiffs who for the last decade have consistently been in contact with Plaintiffs' Counsel and assisted with litigation decisions, will receive an additional $10,000.00 as described in the subsequent section.

### D.    Attorneys' Fees and Costs, Incentive Awards and Cy Pres Award

Class Counsel shall apply to the Court for an award of attorneys' fees in the amount of $353,254.11 and actual litigation expenses and costs in the amount of $8,875.46.  Within fourteen (14) days of the Effective Date, the Administrator shall mail or wire-transfer payment to Class Counsel the amount of the Court-approved attorneys' fees, costs and expenses not to exceed the aforementioned amounts.  Any of the aforementioned amounts that are not approved by the Court shall be allocated to the Cy Pres award.

Defendant shall pay to the Settlement Fund $40,000 as an Incentive Award to the Class Representatives, each of whom shall receive $10,000.  If the Court approves an Incentive Award less than $40,000, such residual amounts shall remain in the Settlement Fund.

Any remaining amounts in the Settlement Fund, after deducing the amounts set forth in Section 5 of the Agreement shall be distributed to the Boys and Girls Club of America.

### E.    Settlement Claims Administrator

Defendant shall pay $25,000 to the Settlement Fund for the Administrator's fees and expenses in administering the Settlement. If the actual amount of the Administrator's fees and

expenses is less than $25,000, or if the Court approves an amount of less than $25,000 for the Administrator's fees and expenses, the residual amount shall remain in the Settlement Fund. Plaintiffs shall be responsible for paying that portion of the Administrator's fees and expenses, if any, exceeding $25,000.

## CLASS ACTION SETTLEMENT PROCEDURE

The well-defined class action settlement procedure includes three distinct steps:

(1) Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval and conditional certification of the settlement class;

(2) Dissemination of a mailed and/or published notice of settlement to all affected class members; and

(3) A final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented, and the Court may finally certify the settlement class.

With this motion, Plaintiffs request that the Court take the first step of granting preliminary approval of the Settlement Agreement, approving Plaintiffs' proposed notice, and authorizing Plaintiffs to send Notice to eligible Class Members.

## ARGUMENT

## I.    PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE

The law favors compromise and settlement of class action suits. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,* 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context." [internal quotation marks and citation omitted]); *citing Newberg on Class Actions* § 11.41 ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").

4

Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark v. Ecolab, Inc.*, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 17, 2009) (citing *Newberg on Class Actions* §11.25). "To grant preliminary approval, the court need only find that there is ''probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness.'" *Id*. (quoting *In re Traffic Exec. Ass'n,* 627 F.2d 631, 634 (2d Cir. 1980). "If, after a preliminary evaluation of the proposed settlement, the court finds that it 'appears to fall within the range of possible approval,' the court should order that the class members receive notice of the settlement. *Id*. at *3 (quoting *Newberg* § 11.25).

The approval of a proposed class action settlement is a matter of discretion and "rests with the district court." *Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072, 1078-9 (2d Cir. 1995) [collecting cases]. "[C]ourts should give 'proper deference to the private consensual decision of the parties' ... [and] 'should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation ....'" *Clark,* 2009 WL 6615729, at *3 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988); *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002)). "Preliminary approval of a settlement agreement requires only an 'initial evaluation' of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties." *Clark,* 2009 WL 6615729, at *14 (quoting *Newberg* § 11.25). "To grant preliminary approval, the court need only find that there is 'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness.'" *Id*. at *15 (quoting *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980)). "If, after a preliminary evaluation of the proposed settlement, the court finds that it 'appears to fall within the range of possible approval,' the court should order that the class members receive notice

5

of the settlement." *Id*. (quoting *Newberg* § 11.25). "Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.,* 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); citing *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001)). "Absent fraud or collusion, the court should be hesitant to substitute its judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.,* 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007).

Preliminary approval is the first step in the settlement process. It simply allows notice to issue and for Class Members to object or opt out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of Class Members' input.

### A.     The Settlement is Fair, Reasonable, and Adequate

In evaluating a class action settlement, courts in the Second Circuit generally consider the nine factors set forth in *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds by *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43 (2d Cir. 2000). The Second Circuit's *Grinnell* factors are:

(1)     the complexity, expense and likely duration of the litigation;
(2)     the reaction of the class to the settlement;
(3)     the stage of the proceedings and the amount of discovery completed;
(4)     the risks of establishing liability;
(5)     the risks of establishing damages;
(6)     the risks of maintaining the class action through the trial;
(7)     the ability of the defendants to withstand a greater judgment;
(8)     the range of reasonableness of the settlement fund in light of the best possible recovery; and
(9)     the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Grinnell,* 495 F.2d at 463. All of the *Grinnell* factors weigh in favor of both preliminary and final approval of the Settlement Agreement.

1.      ***Grinnell Factor 1: Litigation Through Trial Would be Complex, Costly and Long***

By reaching a settlement prior to Rule 23 class certification or trial, Plaintiffs seek to avoid significant expense and delay, and ensure recovery for the class.  "Most class actions are inherently complex and settlement avoids the costs, delays and [the] multitude of other problems associated with them." *In re Austrian & German Bank Holocaust Litig.,* 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd sub nom. D'Amato v. Deutsche Bank,* 236 F.3d 78 (2d Cir. 2001).

This case was first filed over ten (10) years ago and further litigation would only cause additional expense and delay. A trial would be lengthy and consume tremendous time and resources.  Additionally, witnesses for the parties may be unavailable or no longer employed by Resorts World.  Further, the trial and subsequent motion practice, and potential additional appellate practice, would likely take years. The Settlement Agreement, on the other hand, makes monetary relief available to Class Members in a relatively guaranteed and efficient manner.  Therefore, the first *Grinnell* factor weighs in favor of approval.

2.      ***Grinnell Factor 2: The Reaction of the Class Has Been Positive***

"It is well-settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy." *Maley v. Del Global Techs. Corp.,* 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002).  The reaction to the Settlement has been positive, as people will finally receive the money which they sought over a decade ago.

3.      ***Grinnell Factor 3: Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly***

The proper question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *Beckman v. KeyBank, N.A.,* 293 F.R.D. 467, 475 (S.D.N.Y. 2013). The

parties have completed fact and expert discovery and have negotiated the Settlement Agreement based on a complete record. Therefore, this factor favors approval.

### 4. *Grinnell Factors 4 and 5: Plaintiffs Would Face Real Risks if the Case Proceeded*

Though Plaintiffs believe their case to be strong, it is subject to considerable risk. "Litigation inherently involves risks." *In re Painewebber Ltd. P 'ships Litig.,* 171 F.R.D. 104, 126 (S.D.N.Y. 1997). "Indeed, 'if settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome.'" *Id*. at 131 (quoting *In re Ira Haupt & Co.,* 304 F. Supp. 917, 934 (S.D.N.Y.1969); *see also Velez v. Majik Cleaning Serv., Inc.,* 2007 WL 7232783, at *6 (S.D.N.Y. June 25, 2007). A trial on the merits would involve significant risks for Plaintiffs as to both liability and damages. While Plaintiffs believe that they could ultimately establish both liability and damages, this would require significant factual development. Plaintiffs' Counsel are experienced and realistic, and understand that the resolution of liability issues, the outcome of the trial, and the inevitable appeals process are inherently uncertain in terms of outcome and duration. Additionally, the Court initially granted summary judgment in favor of Defendant, which was later vacated on appeal, indicating that the liability questions at issue are a close call.  Further, there is very little case law interpreting the WARN Act statutes under which Plaintiffs have brought their respective claims, so it is uniquely difficult to predict how this case may ultimately be decided if it proceeds.

The proposed Settlement alleviates these uncertainties. This factor therefore weighs in favor of approval.

### 5. *Grinnell Factor 6: Maintaining the Class Through Trial Would Not Be Simple*

The risk of maintaining the class status through trial is also present. The Court has not yet certified the Rule 23 Class and Defendant has requested class certification discovery concerning

class representatives Roberts and Shaw (Dkt. 96).  Defendant has opposed class certification, arguing that Plaintiffs have not satisfied Rule 23(a)'s requirements of commonality, typicality and adequacy, nor have they satisfied Rule 23(b)'s predominance requirement. This factor favors preliminary approval.

### 6.    *Grinnell Factor 7: Defendant's Ability to Withstand a Greater Judgment*

Defendants do not claim that they could not withstand a greater judgment. However, even if Defendants were able to withstand a greater judgment, their ability to do so, "standing alone, does not suggest that the settlement is unfair." *Beckman,* 293 F.R.D. at 476 (internal citation marks omitted). This factor is neutral.

### 7.    *Grinnell Factors 8 and 9: The Settlement Amount is Substantial in Light of the Best Possible Recovery and the Attendant Risks of Litigation*

The determination of whether a settlement amount is reasonable "does not involve use of a 'mathematical equation yielding a particularized sum.'" *Frank,* 228 F.R.D. at 186 (quoting *In re Austrian,* 80 F. Supp. 2d at 178). "Instead, 'there is a range of reasonableness with respect to a settlement - a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.* (quoting *Newman v. Stein,* 464 F.2d 689,693 (2d Cir. 1972)).

Defendants have agreed to settle the class claims for $1,124,217.46. If Defendants were found liable under the claims made by Plaintiffs, Plaintiffs' estimation of Defendants' liability, not including interest or attorneys' fees would have been $3,717,246.23. Of that amount, $2,213,262.63 represented interest which Defendants argued would not be available at the rate used by Plaintiffs. The proposed Settlement amounts to 30.24% of Plaintiffs' maximum estimated damages, and 74.75% of the base damages calculation, and thus favors preliminary approval.

9

**B.      Conditional Certification of the Rule 23 Class is Appropriate**

For settlement purposes, Plaintiffs seek to certify a class under Federal Rule of Civil Procedure 23.  The Court should make a determination that the proposed Settlement class satisfies Rule 23(a)'s requirements of numerosity, commonality, typicality and adequacy of representation, and at least one of the subsections of Rule 23(b). *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613 (1997); *Newberg* § 11:27. The Court should then provisionally certify the settlement class and appoint Plaintiffs' counsel as Class Counsel and Plaintiffs as class representatives.

As set forth below, all of the certification requirements for settlement purposes are met for this proposed settlement class. While Defendants dispute that the claims alleged in the action are proper for certification under Rule 23 on behalf of the purported class, they have agreed, for the purposes of settlement only, not to contest class certification. *See County of Suffolk v. Long Island Lighting Co.,* 710 F. Supp. 1422, 1424 (E.D.N.Y. 1989) ("It is appropriate for the parties to a class action suit to negotiate a proposed settlement of the action prior to certification of the class."). Conditional Rule 23 class certification for settlement purposes and appointment of class counsel "have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed settlement agreement, and setting the date and time of the final approval hearing." *Grant v. Warner Music Grp. Corp.,* 2015 WL 10846300, at *1 (S.D.N.Y. Aug. 21, 2015) (quoting *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 790-92 (3rd Cir. 1995); citing *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 20, 2011)).

Under Rule 23(a), a class action may be maintained if all of the prongs of Rule 23(a) are met, as well as one of the prongs of Rule 23(b). Rule 23(a) requires that:

(1)    the class is so numerous that joinder of all members is impracticable;
(2)    there are questions of law or fact common to the class;
(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b)(3) requires the court to find that "questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3). In the Second Circuit, "Rule 23 is given liberal rather than restrictive construction, and courts are to adopt a standard of flexibility" in evaluating class certification. *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.,* 237 F.R.D. 26, 31 (E.D.N.Y. 2006) *quoting Marisol A. v. Giuliani,* 126 F.3d 372, 377 (2d Cir. 1997); citing *Sharif ex rel. Salahuddin v. New York State Educ. Dep't*, 127 F.R.D. 84, 87 (S.D.N.Y. 1989)).

### 1.    Numerosity

The proposed class satisfies the numerosity requirement because there are more than forty (40) members in the Proposed Class, which consists of 178 people. "[N]umerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473,483 (2d Cir. 1995).

### 2.    Commonality

The proposed Settlement class also satisfies the commonality requirement, the purpose of which is to test "whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13 (1982). Although the claims need not be identical, they must share common questions of fact or law. *Port Auth. Police Benevolent Ass'n v. Port Auth. of N. Y. & N.J.*, 698 F.2d 150, 153-54 (2d Cir. 1983). The proper question is whether there is a

11

"unifying thread" among the claims to warrant class certification. *Kamean v. Local 363, Int'l Bhd. of Teamsters*, 109 F.R.D. 391, 394 (S.D.N.Y. 1986). Courts construe the commonality requirement liberally. *Frank*, 228 F.R.D. at 181 (citation omitted).

The claims of the Class herein plainly satisfy the commonality requirement.  All are based on alleged violations of the Federal and New York WARN Act and originate from the same nucleus of alleged facts.

### 3.    *Typicality*

Rule 23 requires that claims of the representative party be typical of the claims of the class. "Like the commonality requirement, typicality does not require the representative party's claims to be identical to those of all class members." *Frank,* 228 F.R.D. at 182. Typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *MarisolA. v. Giuliani,* 126 F.3d 372, 376 (2d Cir. 1997) (internal quotations omitted). "[M]inor variations in the fact patterns underlying individual claims" do not defeat typicality when the defendants direct "the same unlawful conduct" at the named plaintiff and the class. *Robidoux v. Celani,* 987 F.2d 931, 936-37 (2d Cir. 1993). Courts evaluate typicality "with reference to the company's actions, not with respect to particularized defenses it might have against certain class members." *Trinidad v. Breakaway Courier Sys., Inc.,* 2007 WL 103073, at *15 (S.D.N.Y. Jan. 12, 2007) (quoting *Wagner v. NutraSweet Co.,* 95 F.3d 527, 534 (7th Cir. 1996)).

Here, Class Representatives Gerald Roberts, Stephen Johnson, Christopher Mcleod and David Shaw claim the same injuries (damages from Defendant's alleged violation of the WARN Act) as the Plaintiffs/Class Members. As such, the typicality requirement is met.

### 4.    *Adequacy of Class Representatives*

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy requirement exists to ensure that the named representatives will 'have an interest in vigorously pursuing the claims of the class, and ... have no interests antagonistic to the interests of other class members.'" *Toure v. Cent. Parking Sys.,* 2007 WL 2872455, at **18-19 (S.D.N.Y. Sep. 28, 2007) (*quoting Penney v. Deutsche Bank AG,* 443 F.3d 253, 268 (2d Cir. 2006)). "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Krueger v. N.Y. Tel. Co.,* 163 F.R.D. 433, 443 (S.D.N.Y. 1995) (citation omitted). Regarding the adequacy of Messrs. Roberts, Johnson, McLeod and Shaw as Class Representatives, there is no evidence or indicia that they have interests that are antagonistic or at odds with Class Members. In fact, for over ten (10) years they have faithfully assisted in pursuing this matter on behalf of the class.

### C.    Certification is Proper Under Rule 23(b)(3)

Rule 23(b)(3) requires that common questions of law or fact "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). This inquiry examines "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623 (1997).

### 1.    *Common Questions Predominate*

To establish predominance, Plaintiffs must demonstrate that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole ... predominate over those issues that are subject only to individualized proof." *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.,* 502 F.3d 91, 108 (2d Cir. 2007) (citation omitted). The essential

inquiry is whether "liability can be determined on a class-wide basis, even when there are some individualized damage issues." *Marriott v. Cnty. of Montgomery*, 227 F.R.D. 159, 173 (N.D.N.Y. 2005) (quoting *In re Visa Check/Master Money Antitrust Litig*, 280 F.3d 124, 139 (2d Cir. 2001)). Simply because a defense "may arise and affect different class members differently does not defeat predominance." *See Noble v. 93 Univ. Place Corp.,* 224 F.R.D. 330, 339 (S.D.N.Y. 2004) (quoting *In re Visa Check/MasterMoney*, 280 F.3d at 138). Where plaintiffs are "unified by a common legal theory" and by common facts, predominance is satisfied. *McBean v. City of New York,* 228 F.R.D. 487, 502 (S.D.N.Y. 2005). The predominance requirement is "designed to determine whether 'proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Frank*, 228 F.R.D. at 183 (quoting *Amchem*, 521 U.S. at 623).

Here, Class Members' common factual allegations and legal theory – that Defendant violated the WARN Act by not providing sufficient notice to Plaintiffs when closing the Aqueduct Buffet, predominate over any individual variations amongst the Class Members. *See Hernandez v. Merrill Lynch & Co.,* 2012 WL 5862749, at *4 (S.D.N.Y. Nov. 15, 2012) (common factual allegations and legal theory predominated over variations in wage and hour misclassification case); *Torres v. Gristede's Corp.,* No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiffs "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages"). Plaintiffs therefore satisfy this prong of Rule 23(b)(3).

### 2.    *A Class Action is a Superior Mechanism*

The second part of the Rule 23(b)(3) analysis compares whether "the class action device [is] superior to other methods available for a fair and efficient adjudication of the controversy." *Green v. Wolf Corp.,* 406 F.2d 291, 301 (2d Cir. 1968); *Amchem,* 521 U.S. at 617 ("The policy at

the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.") (internal citation omitted). Rule 23(b)(3) sets forth a non-exclusive list of factors pertinent to judicial inquiry into the superiority of a class action, including: the class members' interests in individually controlling the prosecution or defense of separate actions; whether individual class members wish to bring, or have already brought, individual actions; and the desirability of concentrating the litigation of the claims in the particular forum. Fed. R. Civ. P. 23(b)(3). Here, Class Members have limited resources with which to prosecute individual actions, and Plaintiffs are unaware of any pending lawsuits filed by any Class Member arising out of the same allegations. Further, concentrating litigation in this Court is preferred because all of the alleged conduct occurred within the jurisdiction of this Court. Therefore, a class action is the best mechanism to fairly and efficiently resolve Class Members' claims.

## II.     PLAINTIFFS' COUNSEL SHOULD BE APPOINTED CLASS COUNSEL

The attorneys representing Plaintiffs, Phillips & Associates, PLLC, should be appointed as Class Counsel. Rule 23(g), which governs the standards and framework for appointing class counsel for a certified class, sets forth four criteria the district court must consider in evaluating the adequacy of proposed counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(C)(i). The court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(C)(ii). The Advisory

Committee has noted that "[n]o single factor should necessarily be determinative in a given case." Fed. R. Civ. P. 23(g) advisory committee's note.

As set forth in the accompanying Rose Affirmation, The proposed Class Counsel, Phillips & Associates, PLLC, satisfies all of these criteria.  First, Counsel identified the action and filed a claim within weeks of the initial termination. For the past decade he has worked to prosecute this case through discovery, summary judgment, appeal, and now settlement. (Rose Aff. ¶¶ 2-6) The amount of work and success is sufficient for this Court to appoint Phillips & Associates, PLLC and Jesse Rose as lead counsel. Mr. Rose's qualifications are also sufficient to justify appointment, as he has for decades litigated employment claims in complex matters, including the one at hand. (*Id*. ¶¶ 7-17) Mr. Rose's knowledge of the law is underscored by the complexity and results in this case, having argued before the Second Circuit and successfully argued for the reinstatement of the Plaintiffs' claims. (*Id*. ¶¶ 18-21) Finally, Phillips & Associates PLLC and Jesse Rose have both remained committed to prosecuting this action for over a decade, demonstrating that they will continue to demote sufficient resources to representing Plaintiffs. (*Id*. ¶¶ 22-23)

## III.    THE PROPOSED NOTICE AND CLAIM FORM IS APPROPRIATE

The content of the Proposed Settlement Notice (the "Notice"), annexed as Exhibit A to the Settlement Agreement, fully complies with the requirements under Federal Rule of Civil Procedure 23. Pursuant to Rule 23(c)(2)(B), the notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members

16

may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

The Notice here satisfied these requirements. The Notice describes the terms of the Settlement, informs the Class Members about the allocation of attorneys' fees, describes the nature of the Action, the right of Class Members to request exclusion from the Class, the right of Class Members to object to any aspect of the Settlement, the binding effect of the Settlement on Class Members that do not elect to be excluded, along with other important information. Accordingly, the detailed information in the Proposed Settlement Notice to Class Members is more than adequate to put Class Members on notice of the proposed settlement and is well within the requirements of Rule 23(c)(2)(B). Courts have approved class notices even when they provided only general information about a settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.,* 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Proposed Settlement Notice in this case far exceeds this bare minimum and fully complies with the requirements of Rule 23(c)(2)(B).

## <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiffs respectfully submit that this Court should (i) grant preliminary approval of the Settlement as reflected in the Settlement Agreement; (ii) conditionally certify the proposed Class for settlement purposes pursuant to Fed R. Civ. P. 23; (iii) approve the proposed Notice of Class Action Settlement; (iv) appoint the law firm of Phillips & Associates, PLLC as Class Counsel; (v) set a date and time for a fairness hearing; and (vi) grant such other relief that the Court deems just and proper.

Dated: New York, New York
       February 21, 2025

                  By:           */s/ Jesse C. Rose*
                                     Jesse C. Rose
                               Of Counsel
                               Phillips & Associates,
                               Attorneys at Law, PLLC
                               45 Broadway, Suite 620
                               New York, New York 10006
                               (212) 248-7431